UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HILDA L. SOLIS, Secretary of Labor

Plaintiff,

v.  4:10-cv-162

THE EICHHOLZ LAW FIRM, P.C., et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Hilda Solis ("Plaintiff"), in her capacity as Secretary of Labor, filed suit against The Eichholz Law Firm, Benjamin Eichholz ("Eichholz"), The Eichholz & Associates, P.C., Retirement Plan, and The Eichholz & Associates Employees Pension Plan (collectively "Defendants") for breaching their fiduciary duties owed to an employee benefit plan subject to the Employee Retirement Income Security Act ("ERISA"). *See* Doc. 1. Plaintiff seeks restoration of all losses, an order setting aside Eichholz's account to pay these losses, the appointment of a new fiduciary, a permanent injunction barring Eichholz or his law firm from serving as a fiduciary to any ERISA plan or violating the Act, and costs of the action. *See* Doc. 1 at 18-19.

Seven months before Plaintiff filed this suit, on December 29, 2009, Eichholz pleaded guilty to Obstruction of a Department of Labor ("DOL") Investigation in violation of 18 U.S.C. § 1505. *See* 4:09-cr-166 ("*Eichholz I*"), Docs. 1, 72. The Court sentenced Eichholz to twenty-one (21) months' confinement, three (3) years of supervised release, an assessment of one hundred dollars ($100), a fine of twenty-five thousand dollars ($25,000), one hundred fifty (150) hours of community service, and restitution in the amount of fifty thousand one hundred seventeen dollars and thirty-six cents ($50,117.36). *See Eichholz I*, Doc. 85. Before the Court is Defendants' Motion to Dismiss. *See* Doc. 8. Defendants assert that Eichholz's guilty plea bars this later civil suit under claim and issue preclusion. *See id.*

### II. STANDARD OF REVIEW

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

### III. ANALYSIS

As an initial matter, Plaintiff correctly argues that a prior criminal prosecution does not preclude a later civil action on double jeopardy grounds, unless the defendant can show that the civil action actually imposes a criminal sanction. *See* Doc. 11 at 8-9. *See Helvering v. Mitchell*, 303 U.S. 391, 399 (1938). Here, Plaintiff's action plainly does

not. *See Chao v. USA Mining, Inc.*, 2007 WL 208530, at *4-6 (E.D. Tenn. Jan. 24, 2007) (holding that Secretary's ERISA action following criminal conviction does not violate the constitution) (citing *Hudson v. United States*, 522 U.S. 93, 99-100 (1997)). Plaintiff's suit seeks to put Defendants' employee benefit plan in the position it would have been in, but for Defendants' alleged actions. *See* Doc. 1 at 18-19.

Defendants instead rely on res judicata and collateral estoppel. *See* Doc. 8. These doctrines "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal law controls the preclusion analysis because the question of federal law in *Eichholz I* was decided by a federal court. *See CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003).

A. <u>**Claim Preclusion**</u>

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Defendants must prove four elements: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). The first two elements are not in dispute. *See* Doc. 11. Plaintiff does, however dispute the third and fourth elements. *See id.* Plaintiff denies that the United States Department of Justice ("DOJ"), on whose behalf the United States Attorney's Office for the Southern District of Georgia ("USAO") prosecuted Eichholz in *Eichholz I*, is in privity with the DOL and that the same cause of action is involved in both cases. *See id.*

Defendants assert that the DOJ and DOL are the same party, or that the DOL was at least "privy to the Indictment." *See* Doc. 8 at 7-8. The Court interprets this second claim as an argument that the DOL is in privity with the DOJ.

The mere fact that two parties are parts of the same government does not necessarily mean the parties are in privity for preclusion purposes. To make this determination, the Court must analyze the purpose of each agency's involvement. *See Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1579-80 (11th Cir. 1985). In *Hercules Carriers*, the Court held that the State of Florida's Department of Professional Regulation ("DPR") and Department of Transportation ("DOT") were neither the same parties nor in privity for collateral estoppel purposes. *See id.* at 1579-80. The case involved a large ship's collision with a Tampa bridge, resulting in thirty-five deaths. The DPR brought administrative proceedings against the pilot to revoke his license. However, the board cleared the pilot of negligence and allowed him to keep his license. The ship's owner sought to use that finding to prevent the DOT from re-litigating the issue of the

2

pilot's negligence in a suit to recover for the damage to the bridge. The Court held that collateral estoppel did not apply. *See id.* at 1578.

The Court reasoned that because the agencies had "different functions and interests [they] should not be considered privies to one another . . ." *Id.* at 1579-80. The Court found that in the license revocation proceeding the state, through the DPR, was "carrying out its function as parens patriae to insure that those authorized by it to serve the public were competent to do so." *Id.* at 1580. But it was acting as "protector of the public fisc" through the DOT in the civil action, where it sought money damages. *See id.*

In *Eichholz I*, the USAO prosecuted Eichholz in furtherance of the DOJ's mission to "seek just punishment for those guilty of unlawful behavior." *See* DOJ Mission Statement, *available at* http://www.justice.gov/02organizations/about.html.
Plaintiff is instead executing her duties as Secretary of the DOL "to foster, promote, and develop the welfare of the wage earners of the United States . . .," *See* 29 U.S.C. § 551, and to "assure work-related benefits and rights," *see* DOL Mission Statement, *available at* http://www.dol.gov/opa/aboutdol/mission.htm. The USAO's involvement as the DOL's counsel does not change this analysis. *See S. Cent. Bell Tel. Co. v. Alabama*, 526 U.S. 160, 167-68 (1999) (holding that privity did not exist between plaintiffs even when they shared the same lawyer).

Whereas the DOJ sought to punish Eichholz, the DOL seeks to place the employee benefit plan in the position it would have been in, but for Defendants' alleged actions. *See* Doc. 1 at 18-19. "[T]hese two agencies had different functions and interests and should not be considered privies to one another . . ." *Hercules Carriers*, 768 F.2d at 1580. "[A] government's agencies in pursuing their stated goals must not be put in the untenable position of [precluding] one another when they pursue the same issue for wholly different purposes." *Id.* (addressing issue preclusion).

While res judicata generally requires that the party to be precluded have been a party to the prior action, six exceptions exist. *Taylor v. Sturgell*, 553 U.S. 880, 893-96 (2008).

Courts have the authority to preclude claims brought by nonparties to the initial action if:

> (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the non-party assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

*Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (citing *Taylor v. Sturgell*, 553 U.S. 880, 893-96 (2008)).

Defendants have failed to establish any of these enumerated exceptions. There is no allegation that the DOL agreed to be bound by the results of the DOJ's prosecution. *See* Doc. 8. There is no substantive legal relationship between the two agencies, as neither is accountable to the other, *see E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1288 (11th Cir. 2004), and the agencies were not successive owners of any property, *see Sturgell*, 553 U.S. at 894.

The DOL was not adequately represented by the DOJ. The DOJ performed a different government function in pursuit of its distinct interest. *See Hercules Carriers*, 768 F.2d at 1580. In *Sturgell*, the Supreme Court included class actions and "suits brought by trustees, guardians, and other fiduciaries" within this exception. The DOJ is not a fiduciary of the DOL.

Furthermore, the DOL did not control the DOJ's prosecution. Defendants allege that the DOL was involved in initially investigating the case against Eichholz and was "intimately involved in the calculation of [sic] restitution amount in the Final Judgment." *See* Doc. 8 at 8. Even accepting Defendant's allegation *arguendo*, this involvement is insufficient where the DOL lacked the ability to examine witnesses, choose which counts to bring, or decide whether to settle or appeal. *See Pemco*, 383 F.3d at 1288-90 (EEOC did not control suit by individual employees in parallel litigation despite its participation in joint discovery and mediation and physical presence in the courtroom during the individual plaintiffs' trial).

The DOJ is not attempting to use the DOL as its proxy. This exception is limited to allowing re-litigation "when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication." *See Sturgell*, 553 U.S. at 895. The DOL is not suing as the DOJ's designated representative.

Finally, this suit does not involve a statutory scheme, like the bankruptcy code, that forecloses successive litigation by nonlitigants. *See id.*

The DOJ and the DOL are neither the same party nor privies for res judicata purposes. Because Defendants' failure to establish just one element "prevents the application of the doctrine," *I.A. Durbin*, 793 F.2d at 1549 n.9, the Court does not reach the issue of whether the cases involve the same cause of action. Defendants have failed to show that claim preclusion bars Plaintiff's suit.

### B. <u>Issue Preclusion</u>

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). For collateral estoppel to apply: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the

4

earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *See I.A. Durbin,* 793 F.2d at 1549; *see also Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.,* 768 F.2d 1558, 1579 (11th Cir. 1985) (requiring identical parties in both suits for one to use collateral estoppel against the government).

Defendants attempt to use the decision in *Eichholz I* against the DOL. *See* Doc. 8. For the reasons cited above, the DOL and DOJ are not the same party and thus the DOL did not have an opportunity to litigate any issue in the criminal prosecution. Because Defendants have failed to show the DOL had such an opportunity, the Court does not reach the other requirements. *See Palma v. Safe Hurricane Shutters, Inc.,* 615 F. Supp. 2d 1339, 1345 (S.D. Fla. 2009). Collateral estoppel does not preclude Plaintiff from contesting any issue.

## IV. CONCLUSION

Defendants' Motion to Dismiss is ***DENIED***.

This 22nd day of February 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5