UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HILDA L. SOLIS, Secretary of Labor,

Plaintiff,

v.  4:10-cv-162

THE EICHHOLZ LAW FIRM, P.C., et al.,

Defendants.

## ORDER

Defendants filed a motion for reconsideration, *see* Doc. 21, challenging the Court's denial of their Motion to Dismiss, *see* Doc. 19. Defendants assert that they "could not have anticipated the narrow, mechanical ruling of this Court," to show that their new arguments could not have been raised before this Court's decision. *See* Doc. 21 at 2; *see also Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued").

Defendants' motion to dismiss argued that res judicata and collateral estoppel precluded this suit because the restitution amount established in a criminal prosecution against Defendant Benjamin Eichholz ("Eichholz") was already paid. *See* Doc. 8. The Court denied the motion because the Department of Justice ("DOJ"), which prosecuted Eichholz, and the Department of Labor ("DOL"), which Plaintiff represents, are different parties for preclusion purposes.

*See* Doc. 19. The Court reached this conclusion in part because the two agencies had different purposes for litigating the restitution amount. *See id.* at 2-3 (citing *Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1579-80 (11th Cir. 1985)).

Defendants assert that the agencies were both acting with the sole purpose of fully compensating Defendants' victims and therefore the DOJ adequately represented the DOL in the prosecution. *See* Doc. 21. In support, Defendants cite the Eleventh Circuit's opinion in *United States v. Dickerson*, 370 F.3d 1330, 1336 (11th Cir. 2004) for the proposition that in a criminal case "[t]he purpose of restitution is to make payments 'to each victim in the full amount of each victim's losses.'" *See* Doc. 21 (quoting *Dickerson*, 370 F.3d at 1336).

The Court in *Dickerson* never mentions legislative purpose. Instead, this passage quotes the Court's reference to the procedures outlined in 18 U.S.C. § 3664(f)(1) for calculating the restitution amount. Defendants are admonished that "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal." GA. R. PROF'L CONDUCT 3.3 cmt.

The Supreme Court has ruled on the purpose of criminal restitution. *See Pasquantino v. United States*, 544 U.S. 349, 365 (2005). In *Pasquantino*, the Court held that "[t]he purpose of awarding restitution in this action . . . [is to] to mete out appropriate criminal punishment for that conduct." *Id.*

Whereas the DOJ sought to punish Eichholz, the DOL seeks to place the

employee benefit plan in the position it would have been in, but for Defendants' alleged actions. *See* Doc. 1 at 18-19. "[A] government's agencies in pursuing their stated goals must not be put in the untenable position of [precluding] one another when they pursue the same issue for wholly different purposes." *Hercules Carriers*, 768 F.2d at 1580.

Defendants' motion for reconsideration, *see* Doc. 21, is ***DENIED***.

This 11th day of March 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA